IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL KRAVICH, et al.,

Plaintiffs, No. 2:09-cv-01061 GEB KJN (TEMP)

vs.

WELLS FARGO HOME MORTGAGE, et al.,

Defendants. ORDER

_______________________________________/

Currently calendared for hearing on May 19, 2011, is plaintiff's motion for default judgment. Upon review of the documents in support and review of the court file, THE COURT FINDS AS FOLLOWS:

Plaintiff apparently moves for default judgment against defendant Southstar Funding, LLC.[1] (Dkt. no. 51.) The court uses the term "apparently" because the request for entry of default is captioned "request to enter default of William O'Bryan," yet in the body of the request default is sought against Southstar Funding, LLC. (Dkt. no. 48.) Reflecting the general lack of professional care given to this matter by plaintiff's counsel, the operative complaint in this action, the second amended complaint, names as a defendant "Southstar Lunding, LLC" and

---

[1] All of the other defendants named in this action have been dismissed.

repeatedly refers to Southstar Lunding, LLC, abbreviated as "SSL," throughout the body of the second amended complaint. (Dkt. no. 37.) Assuming plaintiff is attempting to obtain a default judgment against defendant Southstar Funding, LLC, review of the court's file demonstrates default was erroneously entered and default judgment cannot be granted.

Defendant Southstar Funding, LLC, has never been properly served in this action. See Fed. R. Civ. P. 4(h)(1). The proof of service indicates this defendant was served only by mail at an address located in Atlanta, Georgia. (Dkt. no. 7.) That address is not the same as the business address for this defendant provided on the website of the Georgia Secretary of State.[2] Nor is there any evidence that a copy of the summons and of the complaint was delivered to an officer, managing or general agent or other person authorized to accept service of process. Under these circumstances, default cannot be entered against the defendant and the court will accordingly order the previously entered default to be vacated.

Additional infirmities are evident in plaintiff's application for default judgment. The motion was not served on defendant. Also, in the application for entry of default, again exhibiting the generally sloppy approach with which counsel has conducted this litigation, plaintiff references a complaint filed on "April 19, 2009." (Dkt. no. 48.) The docket does not reflect any complaint filed on April 19, 2009. (Dkt. no. 1; complaint filed April 17, 2009.) The affidavit of counsel, submitted in support of the application for entry of default, declares that the proof of service on the second amended complaint shows defendant Southstar Funding was served. The service list, however, shows only that defendants who had already appeared in the action were served with the second amended complaint. (Dkt. no 37 at p. 31.)

In addition, the district court previously ruled that the first amended complaint failed to state a cause of action for fraud, breach of fiduciary duty, breach of contract, breach of

---

[2] See Return of Service, dkt. no. 7, p. 4 (defendant served at 400 North Ridge Rd. Ste 100, Atlanta, GA, 30350) (emphasis added); cf. http://corp.sos.state.ga.us/corp/soskb/Corp.asp?1066507 (principal office address for Southstar Funding, LLC identified as 400 Northridge Rd. Ste 1000, Atlanta, GA, 30350-3312) (emphasis added).

the implied covenant of good faith and fair dealing, negligence, and violation of California Business and Professions Code section 17200. (Dkt. no. 34.) The second amended complaint contains allegations very similar to the first amended complaint. Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law" (citation and quotation marks omitted).); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). In light of the court's prior ruling, it appears that even if defendant had been properly served in this action, default judgment would not be warranted.

Accordingly, IT IS HEREBY ORDERED that:

1. The entry of default (Dkt. no 49) is vacated;

2. The hearing date of May 19, 2011 is vacated; and

3. Plaintiff's motion for default judgment (Dkt. no. 51) is denied without prejudice.

DATED: April 15, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

kravich.def.kjn