IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL KRAVICH, et al.,

    Plaintiffs,                                            CIV S-09-1061 GEB CKD

    vs.

WELLS FARGO HOME MORTGAGE, et al.,     <u>ORDER AND</u>

    Defendants.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

           Plaintiff's motion for default judgment was submitted on the papers.  Upon review of the documents in support and review of the court file, THE COURT FINDS AS FOLLOWS:

           Plaintiff again moves for default judgment against defendant Southstar Funding, LLC.[1]  Dkt. no. 60.  Review of the court's file demonstrates default was erroneously entered and default judgment cannot be granted.

           As noted in the court's prior order denying the prior motion for default judgment, defendant Southstar Funding, LLC, was not properly served in this action.  <u>See</u> Fed. R. Civ. P. 4(h)(1).  Plaintiff apparently attempted to again serve the complaint and summons after the

---

[1] All of the other defendants named in this action have been dismissed.  Plaintiff's prior motion for default judgment was denied without prejudice.  Dkt. no. 52.

1

previous motion for default judgment was denied. However, the proof of service indicates that a person identified as "Kirk Smith" was served with summons on behalf of defendant Southstar Funding, LLC on May 5, 2011. Dkt. no. 53. The website of the Georgia Secretary of State, where the business address of this defendant is located, indicates that the agent for service of process resigned and the business entity is dissolved. See Georgia Sec. State website, http://corp.sos.state.ga.us/corp/soskb/Corp.asp?1066507. In addition, the California Secretary of State website indicates that the agent for service of process in California resigned on September 3, 2009, long before the purported service at issue here. See Calif. Sec. State website, http://kepler.sos.ca.gov/cbs.aspx. Under these circumstances, entry of default is improper and the court will accordingly order the default entered by the Clerk of Court to be vacated.

The District Judge previously ruled that the first amended complaint failed to state a cause of action for fraud, breach of fiduciary duty, breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and violation of California Business and Professions Code section 17200. Dkt. no. 34. The second amended complaint contains allegations very similar to the first amended complaint. Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law"); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). Defendant Southstar Funding, LLC, is similarly situated to the defendants who have previously been dismissed from this action. In light of the District Judge's prior ruling, it appears that even if defendant had been properly served in this action, default judgment is not warranted.

\\\\\

1    This action has now been pending for almost three years. As provided by Federal
2  Rule of Civil Procedure 4(m), the court may dismiss an action where service of summons is not
3  made within 120 days after the filing of the complaint. It appears plaintiff is unable to properly
4  serve the remaining defendant in this action. In light of the long passage of time since
5  commencement of the action without effective service, the court will recommend dismissal of
6  defendant Southstar Funding, LLC.[2]

7    Accordingly, IT IS HEREBY ORDERED that:
8    1. The entry of default (dkt. no 56) is vacated; and
9    IT IS HEREBY RECOMMENDED that:
10   1. Plaintiff's motion for default judgment (dkt. no. 60) be denied;
11   2. Defendant Southstar Funding, LLC, be dismissed; and
12   3. This action be closed.

13   These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen
15 days after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties. Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
18 within the specified time may waive the right to appeal the District Court's order. Turner v.

---

[2] The court notes an additional ground for dismissal. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998). In this case, the claims against defendant Southstar Funding, LLC are the same as those brought against the defendants who have previously been dismissed on noticed motions.

Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: March 13, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
kravich.def.ckd